**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MILES R. ANDERSON, | ) | Bankruptcy No. 22 B 08537 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |

**NOTICE OF MOTION**

TO: See attached list

PLEASE TAKE NOTICE that on **Tuesday, November 22, 2022, at 9:00 a.m.**, I will appear before the Honorable Timothy A. Barnes, or any judge sitting in that judge's place, **either** in courtroom 744 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the **TRUSTEE'S APPLICATION TO EMPLOY AND RETAIN DAVID P. LEIBOWITZ AND THE LAW OFFICES OF DAVID P. LEIBOWITZ, LLC**, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 329 5276**, and the passcode is **433658**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Date: November 9, 2022

          **DAVID P. LEIBOWITZ, not individually, but as the
Chapter 7 Trustee of the Debtor's Estate**
By:   /s/ *David P. Leibowitz*
      David P. Leibowitz (ARDC # 1612271)
      Law Offices of David P. Leibowitz, LLC
      3478 N. Broadway, Unit 207
      Chicago, IL 60657
      (312) 662-5750
      dleibowitz@lodpl.com

## CERTIFICATE OF SERVICE

I, Linda A. Green, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on November 9, 2022 at 5:00 p.m.

                                                  /s/ *Linda A. Green*
                                                       Attorney

## SERVICE LIST

*Parties served via electronic notice through CM/ECF:*

Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

Megan Holmes    mholmes@semradlaw.com, ilnb.courtview@SLFCourtview.com

Patrick Semrad    psemrad@semradlaw.com, ilnb.courtview@SLFCourtview.com

*Parties served via first class U.S. mail:*

Miles R. Anderson, 439 23rd Ave, Bellwood, IL 60104

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MILES R. ANDERSON, | ) | Bankruptcy No. 22 B 08537 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |

**APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY AND RETAIN DAVID P. LEIBOWITZ AND THE LAW OFFICES OF DAVID P. LEIBOWITZ, LLC**

David P. Leibowitz ("Trustee"), not individually but as the Chapter 7 Trustee of the estate of Miles R. Anderson ("Debtor"), pursuant to 11 U.S.C. §§ 327(a) and (d), and 328(a) and Federal Rules of Bankruptcy Procedure 2014 and 2016, hereby moves for an order authorizing the Trustee to employ David P. Leibowitz and the Law Offices of David P. Leibowitz, LLC ("LODPL") as his counsel.[1] In support of this Application, the Trustee relies upon the *Declaration of David P. Leibowitz in Accordance with Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014 and in Support of the Trustee's Application to Retain and Employ David P. Leibowitz and the Law Offices of David P. Leibowitz, LLC* (the "Leibowitz Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference, and respectfully states the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1408.

2. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

---

[1] All chapter, section and rule references, unless otherwise noted, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037 ("Bankruptcy Rules").

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## FACTUAL AND PROCEDURAL BACKGROUND

4. Debtor filed a voluntary chapter 7 petition on July 29, 2022.

5. David P. Leibowitz is the duly appointed, qualified, and acting chapter 7 trustee in this case.

## THE TRUSTEE'S NEED TO RETAIN COUNSEL

6. The Trustee requires the assistance of counsel in order to represent him on an as-needed basis in carrying out his statutory duties under the Bankruptcy Code. The Trustee seeks to retain LODPL for this purpose.

7. Specifically, legal services are required in connection, *inter alia*, with the recovery of funds expended on improvements to real property not owned by Debtor, legal issues relating to objections to claims, and other legal matters that may arise during the administration of this case.

8. The Trustee seeks to have LODPL represent him in this case because of its attorneys' expertise and knowledge in the field of bankruptcy law. The Trustee believes that retaining LODPL is the most efficient and cost-effective means by which to obtain legal services necessary for him to administer this case and to perform his statutory duties. The Trustee believes retaining LODPL is in the best interest of the Debtor's estate.

9. LODPL is willing to serve as the Trustee's counsel on the terms and conditions set forth herein and in the *Leibowitz Declaration*.

10. Among those terms, LODPL will seek reimbursement of its expenses, if any, that it ordinarily and customarily charges its non-bankruptcy clients. Such expenses include, but are not limited to, mailings and computerized legal research.

11. LODPL attorneys maintain, and will continue to maintain, detailed and contemporaneous records of: (a) time; and (b) any actual and necessary expenses incurred in rendering services in this case.

## RELIEF REQUESTED

12. The Trustee requests that this Court authorize and approve the retention and employment of David P. Leibowitz and LODPL, effective as of September 22, 2022, on the terms and conditions set forth herein and in the *Leibowitz Declaration*, upon the bases cited below.

## BASIS FOR RELIEF REQUESTED

13. Section 327 of the Bankruptcy Code provides in pertinent part:

   (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title . . .

14. To the best of the Trustee's knowledge, information, and belief, and other than as discussed herein or in the *Leibowitz Declaration*: (a) neither LODPL, nor any professional thereof, holds or represents or has held or represented any interest adverse to the interest of the Debtor's estate or any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason; and (b) LODPL and its professionals are and have been since the commencement of this case "disinterested persons," as that term is used in Section 327(a) and defined in Section 101(14) of the Bankruptcy Code.

15. Except as noted herein or in the *Leibowitz Declaration*, LODPL does not have any connection with Debtor, the creditors, any other party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

16. No promises have been received by LODPL, or any member or associate thereof, concerning compensation in connection with this case, and LODPL has no agreement with any entity to share any compensation it receives from Debtor's estate, other than as permitted under the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any applicable Court order.

17. To date, LODPL has not received any compensation from the Debtor's estate.

18. The Trustee requires counsel knowledgeable with respect to bankruptcy law to render the above-described professional services and believes that employment of David P. Leibowitz and LODPL is in the best interests of the creditors and Debtor's estate generally.

19. Section 328(a) permits the Trustee, subject to this Court's approval, to employ or authorize the employment of a professional person under section 327 "on any reasonable terms and conditions of employment, including . . . on an hourly basis[.]" When the Trustee employs a law partnership, it includes "any partner, member, or regular associate of the partnership . . [to] act as attorney . . . so employed, without further order of the court." FED. R. BANKR. P. 2014(b).

20. LODPL, and the professionals thereof, have extensive experience in bankruptcy cases and commercial litigation and are well qualified to represent the Trustee's interests in this case. The attorney who will have primary responsibility for this representation is David P. Leibowitz, managing member of LODPL, who has practiced in this district since 1974.

21. The current hourly rates for the attorneys at LODPL range from $450.00 to $650.00. The hourly rates charged by LODPL's professionals differ based upon a number of factors, including the level of experience of each professional. Specifically, the hourly rates of the professionals working on this case are as follows:

| Professional | Title | 2022 Hourly Rate |
|---|---|---|
| Green, Linda A. | Senior Counsel | $450 |
| Leibowitz, David P. | Managing Member | $650 |

22. The professional fees and costs incurred by LODPL in the course of its representation of the Trustee in this case shall be subject in all respects to the application and notice requirements of §§ 327, 330, and 331 and Rules 2014 and 2016.

23. The Trustee requests that the employment of LODPL be effective as of September 22, 2022. It was on that date that LODPL began performing legal services in this case.

## NOTICE

24. Notice of this Motion was provided to: (a) the Debtor; (b) Debtor's counsel; (c) the Office of the United States Trustee; and (d) all parties that have requested or receive notice through CM/ECF. In light of the nature of the relief requested, the Trustee requests that this Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

**WHEREFORE**, the Trustee requests that the Court enter an order:

(a) Granting this Application;

(b) Authorizing the Trustee to employ David P. Leibowitz and LODPL as his counsel effective as of September 22, 2022, with fees and expenses to be paid as administrative expenses in such amounts as the Court may hereafter allow;

(c) Finding notice of this Application as given sufficient; and

(d) Granting such further relief as the Court deems just and proper.

**DAVID P. LEIBOWITZ, not individually, but solely in his capacity as chapter 7 trustee of the Debtor's estate**

By: __/s/ David P. Leibowitz__
David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
3478 N. Broadway, Unit 207
Chicago, IL 60657
(312) 360-1501
*Proposed Counsel to the Chapter 7 Trustee David P. Leibowitz*